GEORGE DEMING HOYT, AN INFANT FIFTEEN YEARS OF AGE, BY ISABEL E. L. WEISKER, HIS NEXT FRIEND, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued June 1, 1936—Decided October 2, 1936.

For the plaintiff-appellant, *Harold A. Jewett, Dougal Herr* and *William A. Kaufmann.*

For the defendant-respondent, *Henry H. Fryling* and *Carl T. Freggens.*

The opinion of the court was delivered by

BODINE, J. The plaintiff appeals from a judgment of nonsuit. It appears from the record that on the morning of December 6th, 1933, he was being driven to school by a Mrs. Gillette. She had turned her car from Esmond Place into Columbus Drive in Tenafly. While going along this roadway her car skidded for about one hundred and fifty feet. There was a steep down grade and a high crown in the middle of the road. The edges of the pavement were irregular and broken. The car, out of control, collided with a pole erected by the defendant company. Upon the pole had been placed a transformer weighing about one hundred and seventy pounds. The transformer was not bolted to the pole or cross-

arm, but strap irons fastened to it rested upon the cross-arm. This cross-arm was at an angle sloping a total of nine inches toward the roadway. The pole had not been planted straight, so that it had always leaned three feet towards the traveled portion of the roadway and was partly over it. After the car came to a stop, the plaintiff jumped out of the rear seat, in order to determine the extent of the damage, and was struck on the head by the falling transformer evidently dislodged by the impact.

The plaintiff rested his claim upon the theory that the defendant company was negligent with respect to the installation and maintenance of the transformer in the position in which it was, and that it had also failed to make proper inspection which would have revealed the danger.

The court rested the nonsuit on the ground that there was no evidence with respect to any standard recognized as such, and further that there was no proof that there was any defect in the installation of the transformer, either apparent or discoverable by reasonable inspection.

The proofs, as to the method in which the pole had been planted and the transformer placed thereon, made it a question for the jury to say as to whether a heavy transformer, placed with unfastened strap irons, on a cross-arm off horizontal, on a pole leaning over the highway evidenced a lack of reasonable care for the safety of the traveling public. The defendant was bound to exercise ordinary care and skill in the erection and maintenance of the pole and transformer so that they should not become a menace to the public, and the plaintiff had the right to assume that such was the case. *Sutphen* v. *Hedden,* 67 *N. J. L.* 324.

The court found, as a matter of law, that it could not find that the circumstance that the pole was not straight and that the cross-arm was not straight was negligence *per se.* It does seem, however, that those circumstances, with the other circumstances proved, were some evidence from which the jury could have found that the defendant company failed to exercise that degree of care in placing and maintaining the pole and transformer in a public highway which reason and prudence dictate.

It is conceded that the construction of the pole was authorized, but no permit can authorize the construction and maintenance in the highway of a structure dangerous to ordinary travel. *Opdycke* v. *Public Service Railway Co.*, 78 *N. J. L.* 584.

The proof as to the impact between the car and the pole is conflicting. Some say it was a heavy crash; others a mere grazing. Even assuming it to have been a heavy crash, the jury could still have found that the pole and transformer were so constructed and maintained that the injury to persons using the highway might reasonably have been foreseen.

"The rule of law requires that the damages chargeable to a wrongdoer must be shown to be the natural and proximate effects of his delinquency. The term 'natural' imports that they are such as might reasonably have been foreseen and such as occur in an ordinary state of things; the term 'proximate' indicates that there must be no other culpable and efficient agency intervening between the defendant's dereliction and the loss." *Wiley* v. *West Jersey Railroad Co.*, 44 *N. J. L.* 247.

Of course, the duty which a common carrier, the proprietor of theatres, and others somewhat similarly situate, owe to their passengers and patrons is to adopt a method of construction which accords with that in use by well regulated companies and approved by experience. *Feil* v. *West Jersey Railroad Co.*, 77 *N. J. L.* 502; *Falk* v. *Stanley Fabian Corp.*, 115 *Id.* 141.

In *Heyer* v. *Jersey Central Power Co.*, 106 *N. J. L.* 211, it was held open for the jury to determine whether the placement of high tension wires about five feet out and above a building under construction carrying current capable of jumping in an arc three or four feet long, was evidence of a failure to exercise that degree of care which is exhibited by persons of ordinary prudence under like circumstances.

Negligence must, of course, be proved. But can it be said that the exercise of a reasonably careful judgment would place a pole carrying a heavy transformer on a cross-arm in such a manner that the pole leaned across the traveled por-

tion of the highway? Further, the proofs showed that the cross-arm sloped and that the transformer rested without bolts upon the sloping arm. Surely as a matter of law such construction did not show the exercise of a reasonably careful judgment. It is common knowledge that poles designed to carry wires for the transmission of electric energy are usually placed in a perpendicular position. When additional weight is placed at the top of a pole, good judgment, the jury might find, would require a perpendicular placement of the pole and a horizontal placement of the cross-arm at right angles to the pole, so that the additional weight of the transformer might be better carried.

The causal connection would not, as a matter of law, be broken if the collision was an occurrence which might, in the natural and ordinary course of things, have been anticipated as not entirely improbable and the defendant's negligence was an essential link in the chain of causation. *Daniel* v. *Gielty Trucking Co.,* 116 *N. J. L.* 172.

It is common knowledge that motor vehicles out of control are likely to strike large poles leaning across the traveled portion of a highway. It was open to the jury, on the proofs, to find that a pole carrying an unfastened heavy transformer might be struck by an automobile skidding on a wet pavement, and that if so struck the natural and proximate result might be the dislodgment of the unfastened transformer and an injury to someone lawfully upon the highway.

The granting of the nonsuit was error. The judgment must be reversed, to the end that there may be a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.